# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA ANTHONY, M.D., <br>     Plaintiff, <br><br> v. <br><br> MEHARRY MEDICAL COLLEGE <br> and DR. LLYODA B. WILLIAMSON, <br>     Defendants. | ) <br> ) JURY DEMAND <br> ) <br> ) CAUSE NO: <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Joshua Anthony, M.D.. ("Anthony"), by counsel, against Defendants, Meharry Medical College ("Meharry") and Dr. Lloyda B. Williamson ("Dr. Williamson"), (Collectively, "Defendants"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and Tennessee common law.

### II. PARTIES

2. Anthony is a United States citizen and resident of Tennessee, who at all times relevant to this action resided within the geographical boundaries of the Middle District of Tennessee.

3. Defendants maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Meharry is an "employer" as that term is defined by 42 U.S.C. §12111 (5).

6. Anthony is an "employee" as that term is defined by 42 U.S.C. §12111 (4).

7. At all relevant times, Anthony is an individual with a "disability," as that term is defined under 42 U.S.C.§ 12102. The Defendant was aware of Anthony's disability and/or regarded him as a disabled individual, and/or the Defendants had a written record of Anthony's disability.

8. Anthony satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge Number: 494-2024-00580) with the U.S. Equal Employment Opportunity Commission against Defendant alleging disability discrimination and retaliation for engaging in a protected activity. Anthony received his Notice of Suit Rights on August 15, 2024, and timely files this action.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

10. Defendant maintains a residency training program. Under said program residents may also be employed by the Defendant.

11. Anthony, who is disabled, began his residency in the Department of Psychiatry and Behavioral Sciences at Meharry Medical College in or around July 2019. On or around April 15, 2021, Anthony received a notice of non-renewal for not providing a passing Step 3 score.

12. On or around August 2021. Anthony filed a Charge of Discrimination with the EEOC (Charge No. 494-2021-02063) alleging that the Defendant discriminated against him on the basis of his disability, use of the FMLA and GINA and retaliated against him for engaging in protected activity.

13. On or around October 15, 2021, Anthony emailed Dr. Lloyda B. Williamson ("Dr. Williamson"), the Defendant's Chair of the Psychiatry Department, to acquire a reference letter.

2

On or around October 20, 2021, Dr. Williamson stated (1) she would not provide a neutral reference letter for Anthony and (2) would not speak on his behalf due to anticipated litigation.

14. On or around June 23, 2022, Defendant had agreed to provide a reference letter for Anthony in a separate investigation with the NLRB.

15. On or around September 12, 2022, Anthony filed a lawsuit in the Middle District of Tennessee (Cause No. 3:22-cv-00704).

16. On or around January 23, 2023, Anthony passed Step 3. Defendant has a history/pattern of reinstating multiple individuals within the Psychiatry Department (and other departments) who were initially removed from Defendant's program for not passing Step 3 but later passed.

17. On or around March 16, 2023, Anthony informed Defendant that he passed Step 3 and re-applied to be placed back in Defendant's program. Defendant refused to reinstate Anthony.

18. After passing Step 3, Anthony also applied to an open PGY3 position with Harlem Hospital in New York. Harlem Hospital contacted Defendant and spoke to Dr. Williamson in or around June/July 2023.

19. Specifically, while in her role as Defendant's Professor and Chair of the Department of Psychiatry and Behavioral Sciences, Dr. Williamson made false and defamatory statements concerning Anthony. As a direct result of these false and defamatory statements, Harlem Hospital withdrew its interest in engaging Anthony as a candidate for a position within its residency program.

20. Due to the Defendants' actions, Anthony has been harmed.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF ADA – DISABILITY DISCRIMINATION

21. Anthony hereby incorporates paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

22. Anthony is a qualified individual who suffers from a disability that significantly impacts his way of life.

23. Defendant violated Anthony's rights as protected by the ADA by discriminating against him because of his actual or perceived disability. Defendant subjected him to disparate treatment because of his disabilities in violation of the ADA.

24. Anthony's employment has been subjected to disparate treatment because of his disability.

25. Defendant's actions were intentional, willful, and in reckless disregard of Anthony's rights as protected by the ADA.

26. Anthony has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF ADA – DISABILITY RETALIATION

27. Anthony hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of his Complaint.

28. Anthony engaged in a protected activity when he filed complaints of disability discrimination and retaliation with the EEOC and later in Federal Court.

29. Anthony was subjected to retaliation as a result of engaging in a protected activity.

30. The defendant's actions were willful, intentional, and done with reckless disregard for Anthony's civil rights as protected by the ADA.

31. Anthony has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: DEFAMATION PER SE

32. Anthony hereby incorporates by reference paragraphs one (1) through thirty-two (32) of his Complaint.

33. Defendants intentionally, with malice, communicated and/or published an untrue defamatory statement regarding Anthony to potential employers with the specific intention of causing him harm.

34. The defamatory statements impugned Anthony's reputation as a professional and therefore constitute defamation per se.

35. As a result of the aforementioned defamation, Anthony has suffered injury and damages.

## COUNT IV: DEFAMATION PER QUOD

36. Anthony hereby incorporates by reference paragraphs one (1) through thirty-five (35) of his Complaint.

37. Defendants intentionally, with malice, communicated and/or published an untrue, defamatory statement regarding Anthony to potential employers with the specific intention of causing him harm.

38. As a result of the aforementioned defamation, Anthony has suffered injury and damages.

## COUNT V: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

39. Anthony hereby incorporates by reference paragraphs one (1) through thirty-eight (38) of his Complaint.

40. A valid business relationship existed between Anthony and the prospective employer, Harlem Hospital in New York.

41. Defendants were aware of the business relationship between Anthnony and a prospective employer.

42. Defendants intentionally and unjustifiably interfered with the business relationship between Anthony and the prospective employer.

43. Anthony has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Joshua Anthony, M.D., respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Anthony's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payments to Anthony of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA;

5. Punitive damages for Defendant's violations of the ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

*/s/ Kyle F. Biesecker*
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005

Email: kfb@bdlegal.com
*Counsel for Plaintiff, Joshua Anthony, M.D.*

## DEMAND FOR JURY TRIAL

Plaintiff, Joshua Anthony, M.D., by counsel, requests a trial by jury on all issues deemed so triable.

*/s/ Kyle F. Biesecker*
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com
*Counsel for Plaintiff, Joshua Anthony, M.D.*