IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA ANTHONY, M.D., )<br>    Plaintiff, )<br>                             )<br>       v.                   )<br>                             )<br>MEHARRY MEDICAL COLLEGE, )<br>    Defendant. ) | Civil Action No: 3:24-cv-01252<br>Judge Crenshaw/Frensley<br>Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

A. **JURISDICTION:** Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. §12182; 28 U.S.C. §1331; and 28 U.S.C. §1343.

B. **BRIEF THEORIES OF THE PARTIES:**

**For Plaintiff:** Dr. Anthony, who is disabled within the meaning of the ADA, was a resident with Meharry. Dr. Anthony was terminated from the residency program and – as a result – filed claims with the NLRB, EEOC, and a lawsuit in this Court alleging disability discrimination, FMLA violations, GINA violations, and retaliation. Thereafter, Dr. Anthony was being considered for a residency program to complete his training. Meharry – by its employees – retaliated against Dr. Anthony and prevented him from getting into the prospective residency program.

**For Defendant:** This case arises out of the non-renewal of Plaintiff's medical residency contract in 2021. Plaintiff, who was formerly a resident in Defendant's Psychiatry Department residency program who has sleep apnea, was non-renewed after he was unable to provide a passing score on Step 3 of the national standardized medical licensing examination, despite having been provided multiple opportunities to sit for the test and an extension of over a year to do so. Defendant denies that any of its actions or inactions in regard to Dr. Anthony constitute unlawful discrimination or retaliation. Defendant specifically denies that it provided false information about

Dr. Anthony or that it otherwise took steps to impede his ability to be admitted to another residency program. To the extent that Plaintiff expressed an interest in returning to Meharry after he successfully completed Step 3 in January 2023 – nearly 2 years after his non-renewal, Meharry denies that his readmittance was based on unlawful disability discrimination or retaliation.

      C.      **ISSUES RESOLVED:**  Jurisdiction and venue.

      D.      **ISSUES STILL IN DISPUTE:**  Damages and liability.

      E.      **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before **April 10, 2025**.

      F.      **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties must make a **minimum of two independent, substantive** attempts to resolve this case. By no later than **August 11, 2025**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. By no later than **January 12, 2026**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

      G.      **DISCOVERY:** The parties must complete all written discovery and depose all fact witnesses on or before **January 12, 2026**. Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and their counsel to cooperate in discovery and

2

to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions must be filed by no later than **January 19, 2026**, unless otherwise permitted by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. **AMENDMENTS OR ADDITION OF PARTIES:** Any motions to amend or to

add parties must be filed by no later than **June 11, 2025**.

  I.  **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The Plaintiff shall identify any expert within 60 days of the trial date and Defendant shall identify and expert after 30 days after Plaintiff's deadline to identify any expert it deems necessary.

  J.  **TELEPHONE STATUS CONFERENCE**: A status conference shall be held telephonically on **December 1, 2025, at 9:00 a.m.**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

  K.  **DISPOSITIVE MOTIONS**: Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **March 6, 2026**. Responses to dispositive motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

  L.  **ELECTRONIC DISCOVERY.** The parties do not anticipate that substantial ESI will be necessary in this lawsuit. The parties agree to produce all documents, electronically stored

or otherwise, in PDF format. Should a concern arise regarding the manner in which certain electronically stored documents have been produced and/or the accessibility of documents, the parties will confer with each other to reach a mutually agreeable solution to the concern.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Generally, the costs of discovery shall be borne by each party. However, the court may apportion the costs of electronic discovery upon a showing of good cause.

M. **MODIFICATION OF CASE MANAGEMENT ORDER**. Any motion to modify the case management order or any case management deadline must be filed at least seven (7) days in advance of the earliest impacted deadline. Unless it is a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a

statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date.

    M.  **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**: The **JURY** trial of this action is expected to last approximately 3 days. A trial date no earlier than **September 1, 2026,** is respectfully requested.

    **IT IS SO ORDERED**.

                                            **JEFFERY S. FRENSLEY**
                                            **United States Magistrate Judge**